# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

Index No.:  151766/2017
Date of Purchase:  8/8/2017

===========================================X

OMNIA ABOUELENIN,

SUMMONS
Plaintiff designates
RICHMOND
County as place of trial

                           Plaintiff,

-against-

The basis of venue is:
Plaintiff Residence
130 Hickory Avenue
Staten Island, NY 10305

ALMA LASERS, INC. and "LYNN" a/ka/ JANE DOE,

                           Defendant.

===========================================X

To the above named defendant:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:  Mineola, New York
       August 7, 2017

                          **CHOPRA & NOCERINO, LLP.**
                          BY:
                          ----------------------------------------
                          SAMEER CHOPRA, ESQ.
                          Attorneys for Plaintiff
                          Address and Telephone Number
                          85 Willis Avenue, Suite E
                          Mineola, New York 11501
                          (212) 868-3600
                          File No. 1473.RJ

Defendant's Address
**ALMA LASERS INC.**
**c/o CT CORPORATION SYSTEM**
111 Eighth Avenue
New York, New York 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

Index No.:   151766/2017
Date of Purchase:  8/8/2017

=============================================X

OMNIA ABOUELENIN,

VERIFIED COMPLAINT

                              Plaintiff,

          -against-


ALMA LASERS, INC. and "LYNN" a/k/a/ JANE DOE,

                              Defendant.

=============================================X


          Plaintiffs by her attorneys CHOPRA & NOCERINO, LLP., complaining of the defendants

herein, respectfully show to this court and alleges as follows:


                    **AS FOR THE FIRST CAUSE OF ACTION**


          1.      Plaintiff is a citizen of the State of New York, resident of Richmond County, with a

residence address in Richmond County, State of New York.


          2.      That on April 5, 2017, and at all the times hereinafter alleged, and upon information

and belief, the defendant, **ALMA LASERS, INC.**, was and still is a foreign corporation authorized

to do business under and by virtue of the laws of the State of New York.


          *3*.      That on April 5, 2017, and at all the times hereinafter alleged, and upon information

and belief, the defendant, **ALMA LASERS, INC.,** was and still is a domestic corporation authorized

to do business under and by virtue of the laws of the State of New York.

4.      That on April 5, 2017, and at all of the times hereinafter mentioned, and upon information and belief, the defendant, **ALMA LASERS, INC.,** maintained a principal place of business in the County of New York, City and State of New York.

5.      That on April 5, 2017, and at all the times hereinafter alleged, and upon information and belief, the defendant, **ALMA LASERS, INC.,** was a company organized and existing under and by virtue of the laws of the State of New York.

6.      That on April 5, 2017, and at all the times hereinafter alleged, and upon information and belief, the defendant, **ALMA LASERS, INC.,** was a corporation or other business entity formed under and existing by virtue of the laws of the State of Illinois with its principal place of business located in Buffalo Grove, Illinois.

7.      That on April 5, 2017, and at all the times hereinafter alleged, defendant, **ALMA LASERS, INC.,** was engaged in business of, among other things, designing, manufacturing, producing, assembling, licensing, selling, distributing, labeling, warning about and marketing for consumer use certain mechanical products such as JuvaShape Ultra.

8.      That on April 5, 2017, and at all the times hereinafter alleged, defendant, **ALMA LASERS, INC.,** was engaged in the business of, among other things, designing, manufacturing, producing, assembling, licensing, selling, distributing, labeling, warning about and marketing for consumer use certain mechanical products such as JuvaShape Ultra.

9.       That on April 5, 2017, and at all the times hereinafter alleged, defendant, **ALMA LASERS, INC.,** its agents, servants, employees and assigns designed, manufactured, produced, constructed, assembled, labeled, sold, demonstrated, taught, and placed into the stream of commerce a certain product known as JuvaShape Ultra (herein referred to as the "product").

10.      That on April 5, 2017, and at all the times hereinafter alleged, defendant, **"LYNN) a/k/a JANE DOE,** was an agent, servant, employee and/or an assignee acting within her scope of employment and on behalf of, defendant, **ALMA LASERS, INC.**

11.      On or before April 5, 2017 Defendants, their agents, servants, employees or assigns sold, distributed for sale, delivered, explained, tested and taught about the product and/or otherwise provided the aforedescribed product to the plaintiff.

12.      On or before April 5, 2017 said product was being operated and used in its intended and customary purpose of treating potential consumers.

13.      That on or about April 5, 2017, the plaintiff, **OMNIA ABOUELENIN**, was at or within the premise known as 466 Bayridge Avenue, in the County of Kings, State of New York.

14.      That on or about April 5, 2017, while the plaintiff, **OMNIA ABOUELENIN**, was on the aforesaid premises, she was caused to be burned.

15.     While said product was being used to treat at the time and place set forth herein the machine burned the person of plaintiff causing her serious, severe and permanent personal injuries, pain, suffering, disability and special damages.

16.     The aforestated incident and injuries were caused by the defective and dangerous properties, design, workmanship, production, construction, assembly, testing, manufacture, labeling and distribution of the said product and/or its component part.

17.     Defendant knew of should have known that the product described herein and/or its component parts were defective, dangerous and harmful and capable of causing harm and serious, severe and permanent personal injuries to persons operating or using the product and those around them.

18.     Defendant knew or should have known that the product described herein and/or its component parts had potential to cause a dangerous and harmful and likelihood in causing harm and serious, severe and permanent personal injuries to volunteers or persons permitting use of the product during a demonstration by employees, agents or servants of the Defendant.

19.     Upon information and belief, the product was intended and expected by defendants to reach consumers without substantial change in its condition at the time it left the hands of defendants.

20.     The product at the time it was used on the plaintiff, was in a defective condition that was dangerous to volunteers, users and potential customers and/or others by reason of being

defectively designed, manufactured, applied, assembled and defective in that the product warnings were inadequate.

21.    The product failed to perform in accordance with its intended purpose because of defects in the parts, machine itself and/or application or use of the product.

22.    The product failed to perform in accordance with the expectations of its users, volunteers, consumers and the Plaintiff.

23.    At the time of the occurrence herein the produce was being used for the purpose and in the manner normally intended.

24.    That plaintiff could not, by the exercise of reasonable care, have discovered the defects or perceived their dangers.

25.    Defendants, their agents, employees, servants or assigns sold the product, demonstrated the product, and/or delivered it into the stream of commerce for sale, in a defective condition, not reasonably safe and unreasonably dangerous.

26.    As a proximate result of Defendants' use, demonstration, training, sale and/or delivery into the stream of commerce for sale, of the product, Plaintiff was caused to suffer and sustained serious, severe and permanent personal injuries, pain, burns, suffering and disability.

27.     As a result of the aforestated, Defendants are strictly liable to Plaintiff under the doctrine of strict liability in tort.

28.     All of the within claims fall within one or more of the exceptions noted in CPLR § 1602 et.seq.

29.     As a result of the aforestated, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

### AS FOR A SECOND CAUSE OF ACTION

30.     Plaintiff repeats and realleges paragraphs One (1) through Twenty-nine (29) above.

31.     At all times mentioned herein and before, Defendants, their agents, servants, employees or assigns knew or should have known of the dangers presented by the use of their product described herein and failed to provide safeguards, warnings and/or adequate warnings equal to the breath and scope of the dangers of harm presented.

32.     As a direct result fo the said failures, Plaintiff was caused to suffer serious, severe and permanent personal injuries, pain, burns, disability and special damages.

33.     As a result of the aforestated, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

### AS FOR A THIRDE CAUSE OF ACTION

34.     Plaintiff repeats and realleges paragraphs One (1) through Thirty-three (33) above.

35.    In connection with the sale, provisions, delivery of the aforestated product, demonstrations of the aforestated products, Defendants, their agents, servants, employees or assigns expressly warranted and represented said product to be free from defects in design, material, production, workmanship and composition and safe for its intended uses.

36.    Said warranties and presentations were false, misleading and inaccurate, in that the product when utilized as set forth herein for its intended purposes proved to be unsafe, defective, dangerous, not of mercantile quality and unfit for its intended users.

37.    As a result of the defects as set forth above, Defendants breached their express warranties and representations.

38.    At all times mentioned herein, Plaintiff relied upon said warranties and representations.

39.    As a result of said breaches, Plaintiff has been caused to suffer and sustained serious, severe and permanent personal injuries, pain, suffering, disability and special damages.

40.    As a result of the aforestated, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## AS FOR A FOURTH CAUSE OF ACTION

41.    Plaintiff repeats and realleges paragraphs One (1) through Forty (40) above.

42.     At all times mentioned herein, Defendants, their agents, servants, employees and assigns impliedly represented and warranted that the aforestated product was safe, of mercantile quality and fit for the ordinary purposes for which the product was intended to be used.

43.     At all times mentioned herein, Plaintiff relied upon said representations and warranties made by defendants.

44.     Said implied representations and warranties were false, misleading and inaccurate in that the produce proved to be unsafe, defective, and dangerous when used for the intended purposes.

45.     As a result of the defects set forth above, Defendants breached implied warranties of merchantability and fitness including those provided and had by statute and common law.

46.     As a direct result of said breaches, Plaintiff has been caused to suffer and sustain serious, severe and permanent personal injuries, pain, suffering, disability and special damages.

47.     As a result of the aforestated, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of the lower Court.

## AS FOR A FIFTH CAUSE OF ACTION

48.     Plaintiff repeats and realleges paragraphs One (1) through Forty-Seven (47) above.

49.     Defendants, their agents, servants, employees or assigns negligently, carelessly and recklessly designed, manufactured, produced, assembled, used, packaged, distributed, labeled, and placed the aforesaid dangerous product into the stream of commerce.

50.     As a direct result of the said negligence, carelessness and recklessness, Plaintiff has been caused to suffer and sustain serious, severe and permanent personal injuries, pain, suffering, disability and special damages.

51.     As a result of the aforestated, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

52.     Defendants actions were so willful, wanton, reckless and in utter disregard of the public health, safety and welfare that Plaintiff maintains an additional claim for punitive or exemplary damages in an amount which exceeds the jurisdictional limits of the lower Court.

### AS FOR A SIXTH CAUSE OF ACTION

53.     Plaintiff repeats and realleges paragraphs One (1) through Fifty-Two (52) above.

54.     That at all of the times hereinafter mentioned, **ALMA LASERS INC.,** was negligent in the hiring, supervision & training of their employees, servants and/or agents.

55.     That at all of the times hereinafter mentioned, **"LYNN" a/k/a JANE DOE,** was negligent in the application, use of the product, supervision of the products and in training others about the product.

56.     That by reason of the foregoing, the plaintiff, **OMNIA ABOUELENIN** was damaged

in the sum of which is in excess of the jurisdictional amounts of the lower courts.


WHEREFORE, plaintiffs demand judgment against the defendants on each cause of action in

the amount that exceeds the jurisdictional limits of the lower courts, all together with cost and

disbursements of this action.

Dated:  Mineola, New York
            August 7, 2017


CHOPRA & NOCERINO, LLP.
BY:
_____
SAMEER CHOPRA, ESQ.
Attorneys for Plaintiff
85 Willis Avenue, Suite E
New York, New York 11501
(212) 868-3600
File No. 1473.RJ

STATE OF NEW YORK, COUNTY OF NASSAU                ss:

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the Plaintiffs in the within action; I have read the foregoing VERIFIED SUMMONS AND COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true.  The reason this verification is made by me and not by my clients, is that my clients are not presently in the County where I maintain my offices.  The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: Mineola, New York
        August 7, 2017


                                              SAMEER CHOPRA

Index No.   151766/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

===================================================

OMNIA ABOUELENIN,

Plaintiff,

-against-

ALMA LASERS, INC. and "LYNN" a/ka/ JANE DOE,

Defendant.

===================================================

## SUMMONS AND VERIFIED COMPLAINT

===================================================

CHOPRA & NOCERINO, LLP.

Attorneys for Plaintiffs

Office and Post Office Address, Telephone

85 Willis Avenue, Suite E

Mineola, New York 11501

(212) 868-3600

File No. 1473.RJ

===================================================

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  151766/2017

Purchased/Filed: August 8, 2017

STATE OF NEW YORK          SUPREME COURT          RICHMOND COUNTY

_Omnia Abouelenin_          Plaintiff

against

_Alma Lasers, Inc., et ano._          Defendant

STATE OF NEW YORK
COUNTY OF ALBANY          SS.:

James Perone , being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on      August 10, 2017      , at   11:45am  , at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Notice of Commencement of Action Subject to Mandatory Electronic Filing with Summons and Verified Complaint          on

Alma Lasers, Inc.          , the

Defendant in this action, by delivering to and leaving with          Sue Zouky          , AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York,   2   true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of   40   dollars; That said service was made pursuant to Section   306 Business Corporation Law  .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served:  Approx. Age:   55    Approx. Wt.   125lbs    Approx. Ht:   5'1

Color of skin:   White    Hair color:  Red/Blonde    Sex:   Female    Other: _____

Sworn to before me on this

  10   day of      August, 2017

SCOTT SCHUSTER
NOTARY PUBLIC, State of New York
NO. 01SC6308636, Albany County
Commission Expires July 28, 2018

_James Perone_
**Attny's File No.**

Invoice•Work Order # SP1708196

_SERVICO. INC. - PO BOX 871 - ALBANY. NEW YORK 12201 - PH 518-463-4179_

1 of 1